*14-1365-cv; 14-1752-cv*
*Ceglia v. Zuckerberg; Holder, et al.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of April, two thousand fifteen.

PRESENT:   GUIDO CALABRESI,
                     JOSÉ A. CABRANES,
                     REENA RAGGI,
                                 *Circuit Judges.*

_____

PAUL D. CEGLIA,

      *Plaintiff-Appellant,*

           v.                                          No. 14-1365-cv

MARK ELLIOT ZUCKERBERG, an individual;
FACEBOOK, INC., formerly known as THEFACEBOOK, INC., a Delaware Corporation,

      *Defendants-Appellees.*

_____

PAUL D. CEGLIA,

      *Plaintiff-Appellant,*

           v.                                          No. 14-1752-cv

ERIC H. HOLDER, JR., as Attorney General of the United States; PREETINDER S. BHARARA, as U.S. Attorney for the Southern District of New York; JANIS M. ECHENBERG, as

Representative of the U.S. Attorney's Office for the Southern District of New York; CHRISTOPHER D. FRYE, as representative of the U.S. Attorney's Office for the Southern District of New York,

*Defendants-Appellees.*

FOR PLAINTIFF-APPELLANT: JOSEPH M. ALIOTO, Alioto Law Firm, San Francisco, CA; Gil D. Messina, Messina Law Firm P.C., Holmdel, NJ.

FOR DEFENDANTS-APPELLEES MARK ELLIOT ZUCKERBERG; FACEBOOK, INC.: ORIN SNYDER, Alexander H. Southwell, Matthew J. Benjamin, Gibson, Dunn & Crutcher LLP, New York, NY; Thomas H. Dupree, Jr., Robert Gonzalez, Gibson, Dunn & Crutcher LLP, Washington, DC; Terrance P. Flynn, Harris Beach PLLC, Buffalo NY.

FOR DEFENDANTS-APPELLEES ERIC H. HOLDER, JR., PREETINDER S. BHARARA, JANIS M. ECHENBERG, CHRISTOPHER D. FRYE: MARY E. FLEMING, Assistant U.S. Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from judgments and orders dated April 4, 2012 and March 26, 2014 of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*; Leslie G. Foschio, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments and orders of the District Court be **AFFIRMED**.

Before us on appeal are two cases brought by an individual who has repeatedly demonstrated total disregard for our judicial system, a pattern that reached its apex on or about March 6, 2015, when he absconded from justice while under indictment. Now, plaintiff-appellant Paul Ceglia, a fugitive from the law, asks us to reverse the judgments by the District Court dismissing Ceglia's civil suit against Facebook and his separate civil action seeking an injunction against prosecution in the Southern District of New York. Ceglia's arguments on appeal, like much

2

of his prior representations to and conduct before the court, are meritless.  Even without reference to the fugitive disentitlement doctrine, we affirm on the merits the District Court's dismissals of both actions.

We assume the parties' familiarity with the underlying facts and procedural history, and recite briefly only those facts most relevant to the instant appeals.  On June 30, 2010, Ceglia brought suit against defendants Mark Zuckerberg and Facebook, Inc. (the "Facebook action"), alleging that Ceglia was entitled to a 50% ownership share in the multi-billion dollar social networking corporation on the sole basis of a 2003 "Work for Hire" document of highly dubious provenance. After expedited discovery regarding the authenticity of the Work for Hire document,[1] which defendants vigorously disputed, defendants moved to dismiss the action.

On March 26, 2013, Magistrate Judge Leslie G. Foschio issued a 155-page Report and Recommendation exhaustively reviewing the overwhelming evidence that the Work for Hire document was a fabrication.  *Ceglia v. Zuckerberg*, No. 10 Civ. 569-A(F), 2013 WL 1208558 (W.D.N.Y. Mar. 26, 2013).  On this basis, as well as the alternative grounds of Ceglia's extensive spoliation of evidence, the Magistrate Judge recommended that the Facebook action be dismissed as a fraud on the court.  After reviewing plaintiff's objections to the Report and Recommendation, the District Court adopted the Magistrate Judge's detailed findings and dismissed the fraudulent Facebook action pursuant to the court's inherent power on March 25, 2014.  *Ceglia v. Zuckerberg*, No. 10 Civ. 569-A, 2014 WL 1224574 (W.D.N.Y. Mar. 25, 2014).

Meanwhile, on November 26, 2012, a federal grand jury indicted Ceglia in the Southern District of New York on charges of mail and wire fraud for the fabrication of the Work for Hire document and the related scheme to defraud.  Ceglia then filed suit against Attorney General Eric Holder, U.S. Attorney Preet Bharara, and Assistant U.S. Attorneys Janet Echenberg and Christopher Frye (the "Holder action") in the Western District of New York, seeking the extraordinary remedy of an injunction against prosecution by the U.S. Attorney in the Southern District of New York on the basis of his First Amendment petition rights and the so-called *Noerr-Pennington* doctrine.[2]

On the same day that the District Court dismissed the Facebook action, it also dismissed the Holder action.  In its dismissal order, the District Court reasoned that the Facebook action was not

---

[1]    During this period, on April 4, 2012, the Magistrate Judge granted in part and denied in part defendants' motion to stay discovery.  The Court permitted a limited period of expert discovery and directed that defendants provide certain reciprocal discovery, prior to adjudication of defendants' motion to dismiss. *Ceglia v. Zuckerberg*, No. 14-1365-cv, Special App'x at 1.  In appealing the District Court's dispositive judgments, plaintiff also challenges this underlying order.

[2]    *Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 135-38 (1961) (establishing antitrust immunity for petitions to state legislature); *United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670 (1965) (extending *Noerr* immunity to petitions of public officials); *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) (extending *Noerr-Pennington* immunity to right of access to courts).

3

a protected exercise of constitutional rights but rather a mere "sham," and, further, that Ceglia had ample opportunity to challenge the Southern District of New York indictment in that District. *Ceglia v. Holder*, No. 14-1752-cv, Special App'x at 12. The District Court also cited the basic legal precept that "'[t]he constitution of the United States does not secure to any one the privilege of defrauding the public.'" *Id.* (quoting *Plumley v. Massachusetts*, 155 U.S. 461, 479 (1894)).

Ceglia recycled substantially similar arguments regarding his First Amendment rights and the *Noerr-Pennington* doctrine in successive motions to dismiss the indictment in the Southern District of New York. After first Judge Carter and then, following reassignment, Judge Broderick denied those motions, Ceglia filed a notice of appeal in the criminal case on an interlocutory basis.[3]

Before any of the three pending appeals could be adjudicated, however, Ceglia absconded from justice. Subject to pretrial electronic monitoring as a condition of his bail, Ceglia managed in early March to remove his electronic monitoring bracelet and flee with his wife, two children, and family dog. Before doing so, Ceglia rigged a motorized contraption to which he connected his GPS bracelet in an effort to deceive pretrial services into believing he was present and moving about within his home. *See* Defs.-Appellees' Affidavit in Reply to Pl.-Appellant's Response to Order to Show Cause, Ex. A at 5-6. Ceglia then failed to appear at an immediate court-ordered conference, at which the District Court revoked his bail. *Id.* at 6. Ceglia remains a fugitive.

As a general matter, we review *de novo* an order granting a motion to dismiss, accepting as true the complaint's factual allegations and drawing reasonable inferences in plaintiff's favor. *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014). However, we review for abuse of discretion the dismissal of a complaint as a sanction under the court's inherent power.[4] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991). A court has "inherent power" to "fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. Though outright dismissal is a "particularly severe sanction," the Supreme Court has found that it "is within the court's discretion." *Id.* at 45. In conducting our review, we accept the District Court's factual findings unless they are clearly erroneous. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (reviewing dismissal of a complaint on spoliation grounds for abuse of discretion).

Defendants in the Facebook action have established by clear and convincing evidence that the Work for Hire document at the foundation of that suit is a forgery. The overwhelming forensic evidence demonstrates, *inter alia*, discrepancies in the age of the ink, the font and formatting, the

---

[3]     That appeal is docketed at 15-628-cr. This Court concurrently grants the pending motion to dismiss that appeal in a separate order.

[4]     We also review discovery rulings for abuse of discretion, *see Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994), and hold that Magistrate Judge Foschio's April 4, 2012 ruling to stay general discovery and grant expedited discovery into the authenticity of the Work for Hire document was well within the court's discretion.

printing toner, the paper, and the handwriting. Indeed, many of the suspicious irregularities cited by the experts are apparent to the naked, untrained eye. The record contains no master electronic copy of the Work for Hire document, as might be expected if it were authentic, but rather, reflects multiple similar documents that appear to be test forgeries.

Further, Ceglia's claim—that he inexplicably failed to act (or, as he told news media, forgot that he was a 50% owner of one of the world's most renowned corporations, *see* No. 14-1365-cv, Defs.-Appellee's Br. at 14-15) for seven years, until, conveniently, the year that Facebook was the subject of an Academy Award-winning movie—belies common sense. Finally, the discovery of the real StreetFax contract signed by Ceglia and defendant Zuckerberg, which bears all of the indicia of authenticity that the Work for Hire document lacks, and which exclusively pertains to a separate project unrelated to Facebook, puts the lie to Ceglia's claim. In light of the extensive record evidence of fraud detailed in the Magistrate Judge's meticulous Report and Recommendation, the District Court's dismissal of the Facebook action was most certainly not an abuse of discretion.

The District Court also found clear and convincing evidence of spoliation by Ceglia of multiple electronic media and of the Work for Hire hard copy, which he exposed to intense light in an apparent attempt to "age" the forged document. *See* No. 14-1365-cv, Special App'x at 123-147, 159. This extensive spoliation forms a sound alternative ground for dismissal of the Facebook action.

Additionally, the District Court was justified in its dismissal of the Holder action. Where, as here, an action seeks a mandatory injunction altering the status quo, we consider whether plaintiff has demonstrated a "clear showing that the moving party is entitled to the relief requested." *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

Pursuant to the rule of abstention, the Supreme Court instructs that a court may civilly enjoin a criminal prosecution only "when absolutely necessary for protection of constitutional rights," and only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Generally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution. *Id.* Plaintiff has had ample opportunity to do so in a federal forum. *See Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987) (affirming the denial of an attempt to enjoin prosecution by an independent counsel, and also noting that "in no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment"). Ceglia's attempts to rehearse in appellate briefing the same constitutional and *Noerr-Pennington* arguments already raised before two judges in the Southern District of New York merely confirm this.

After Ceglia absconded, this Court issued an order to show cause why both pending civil appeals should not be dismissed on the grounds that a fugitive from justice is not entitled to adjudication of his civil claims. *See* No. 14-1365, Dkt. 128; No. 14-1752, Dkt. 85. All parties

5

subsequently submitted responses. Though the fugitive disentitlement doctrine may indeed create a compelling, independent basis to dismiss these appeals (in particular, the Holder action), we need not exercise our discretion to dismiss on that basis in light of our analysis here of the merits—or, more accurately, the lack thereof.

## CONCLUSION

We have considered all of the remaining arguments raised by plaintiff and find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's judgments and orders of April 4, 2012 and March 26, 2014.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6